IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MATTIE HILL,                              :
                                          :
      Plaintiff,                         :
                                          :
                                          :     CIVIL ACTION FILE
v.                                        :
                                          :     No. _____
BRACHFELD LAW GROUP, P.C., a              :
California professional corporation;      :
and LVNV FUNDING, LLC, a Delaware         :
Limited Liability Company.                :
                                          :
      Defendant.                         :
                                          :

**COMPLAINT**

**INTRODUCTION**

1.    This is an action for damages against the defendant for violations of the

Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. and

supplemental state law claims.

**SUBJECT MATTER JURISDICTION**

2.    Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. §

1692k(d) and 28 U.S.C. § 1337 (federal question jurisdiction).

- 1 -

3.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to

        hear and decide any related issues of state law.


## PARTIES AND PERSONAL JURISDICTION

4.      Plaintiff is a resident of this State, District and Division and is authorized by

        law to bring this action.

5.      Defendant BRACHFELD LAW GROUP, P.C. is a corporation organized

        under the laws of the State of California.  [Hereinafter, said Defendant is

        referred to as "BRACHFELD."]

6.      BRACHFELD transacts business in this state.

7.      BRACHFELD's transactions in this state give rise to the Plaintiff's cause of

        action.

8.      BRACHFELD is subject to the jurisdiction and venue of this Court.

9.      BRACHFELD may be served by personal service upon its registered agent

        in the State of California, to wit: Corporation Service Company d/b/a CSC-

        Lawyer's Incorporating Service, 2730 Gateway Oaks Drive, Suite 100,

        Sacramento, CA 95833.

10.  Alternatively, BRACHFELD may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the State of Georgia.

11.  Defendant LVNV FUNDING, LLC is a limited Liability Company organized under the laws of the State of Delaware.  [Hereinafter, said Defendant is referred to as "LVNV."]

12.  LVNV transacts business in this state.

13.  LVNV's transactions in this state give rise to the Plaintiff's cause of action.

14.  LVNV is subject to the jurisdiction and venue of this Court.

15.  LVNV may be served by personal service upon its registered agent in the State of South Carolina, to wit: CT Corporation System, 2 Office Park Court, Suite 103,  Columbia, SC 29223.

16.  Alternatively, LVNV may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, and the laws of the State of Georgia or Delaware.

## FACTS COMMON TO ALL CAUSES

17.  BRACHFELD uses the mails in its business.

18.   BRACHFELD uses telephone communications in its business.

19.   The principle purpose of BRACHFELD's business is the collection of
      debts.

20.   BRACHFELD regularly collects or attempts to collect debts owed or due, or
      asserted to be owed or due, another.

21.   BRACHFELD is a debt collector subject to the provisions of the Fair Debt
      Collection Practices Act.

22.   LVNV uses the mails in its business.

23.   LVNV  uses telephone communications in its business.

24.   The principle purpose of LVNV's business is the collection of debts.

25.   LVNV regularly collects or attempts to collect debts owed or due, or
      asserted to be owed or due, another.

26.   Alternatively, LVNV regularly purchases and then collects or attempts to
      collects debts that were in default prior to the sale of the consumer's
      account.

27.   LVNV is a debt collector subject to the provisions of the Fair Debt
      Collection Practices Act.

28.   In the course of attempting to collect a consumer debt owed to LVNV, the
      defendants both communicated with Plaintiff in a manner which violated the
      Federal Fair Debt Collection Practices Act.

29.   The alleged debt arose from a personal credit account originally with
      Citibank and which had been purchased by one or more debt buyers after
      the account was charged off, which may include but not be limited to LVNV
      FUNDING, LLC.

30.   The alleged debt which BRACHFELD and LVNV attempted to collect from
      the Plaintiff was incurred for personal, family or household purposes.

31.   As of April of 2011, both BRACHFELD and LVNV were aware that the
      Plaintiff was represented by the current counsel of record.

32.   In at least one telephone voice mail communication sent to Plaintiff,
      BRACHFELD's call on behalf of LVNV  did not meaningfully disclose its
      identity.

33.   In at least one telephone voice mail communication sent to Plaintiff,
      BRACHFELD call on behalf of LVNV did not state that the communication
      was from a debt collector.

34.     In at least one telephone voice mail communication sent to Plaintiff, BRACHFELD's call on behalf of LVNV, did not state that the purpose of the communication was an attempt to collect a debt.

35.     BRACHFELD's ordinary course of business conduct violates multiple sections of the FDCPA.

36.     BRACHFELD's policy for leaving messages with consumer debtors it knows to be represented by counsel is intentional.

37.     Alternatively, BRACHFELD's policy for leaving messages was measured and calculated.

38.     Defendant LVNV knew or should have know of the violative conduct engaged in by its agent BRACHFELD.

39.     Defenant is responsible at law for the acts of its agent BRACHFELD.

40.     Defendants communications violate the Fair Debt Collection Practices Act.

41.     Defenants actions violate the Georgia Fair Business Practices Act.

42.     Plaintiff has complied with all conditions precedent to bring this action.

## CAUSE OF ACTION

## COUNT ONE: FAIR DEBT COLLECTION PRACTICES ACT

43.     The acts of Defendants jointly and severally constitute violations of the Fair

Debt Collection Practices Act.

44.     Defendant's violations of the FDCPA include, but are not limited to, the

following:

45.     Communicating with the consumer directly with the knowledge that

the consumer is represented by an attorney and knowledge of the

attorney's name and address, in violation of 15 U.S.C. § 1692c(a)(2);

46.     Causing a telephone to ring or engaging any person in telephone

conversation repeatedly or continuously with the intent to annoy,

abuse, abuse, or harass any person at the called number, in violation

of 15 U.S.C. § 1692d(5);

47.     The placement of telephone calls without meaningful disclosure of

the caller's identity, in violation of 15 U.S.C. § 1692d(6);

48.     The use of any false, deceptive, or misleading representations

or means in connection with the collection of any debt, in

violation of 15 U.S.C. § 1692e; and

49.      The failure to disclose in subsequent communications that the

communication is from a debt collector, in violation of 15

U.S.C. § 1692e(11).

50.    As a result of Defendant's actions, Plaintiff is entitled to an award of

statutory damages, as well as an award of costs and attorney fees.


## COUNT TWO – GEORGIA FAIR BUSINESS PRACTICES ACT

## O.C.G.A. §§ 10-1-399 et seq.


51.    Plaintiff incorporates the foregoing paragraphs as though the same  were set

forth at length herein.

52.    Defendant's actions constitute violations of Georgia's Fair Business

Practices Act, including but not limited to the use of unfair or deceptive acts

or practice in the conduct of consumer transactions and consumer acts or

practices in trade or commerce.

53.    The conduct of the Defendant was a direct and proximate cause, as well as a

substantial factor, in bringing about the serious injuries, actual damages and

harm to the  Plaintiff  that are  outlined more  fully above and,  as a  result,

Defendant is liable to the Plaintiff for the full amount of actual, treble and exemplary damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a)      That Plaintiff be awarded statutory, actual, treble, and exemplary damages;

b)      That Plaintiff be awarded the expenses of litigation including a reasonable attorney fee;

c)      That the Court enjoin the Defendants from further contacting the Plaintiff directly;

d)      That the Court declare each and every defense raised by Defendant to be insufficient; and

e)      That the Court grant such further and additional relief as is just in the circumstances.

–Signature Page to Follow–

SKAAR & FEAGLE, LLP


by:      /s/ James M. Feagle
         James M. Feagle
         Georgia Bar No. 256916
         jimfeagle@aol.com
         108 East Ponce de Leon Avenue
         Suite 204
         Decatur, GA 30030
         404 / 373-1970
         404 / 601-1855 fax

         Kris Skaar
         Georgia Bar No. 649610
         krisskaar@aol.com
         Justin T. Holcombe
         Georgia Bar No. 552100
         jholcombe@skaarandfeagle.com
         P.O. Box 1478
         331 Washington Ave.
         Marietta, GA 30061-1478
         770 / 427-5600
         404 / 601-1855 fax